## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLARENCE HINTON, #122026,

                    Petitioner,                   Case Number: 2:13-CV-10143

v.                                          HONORABLE NANCY G. EDMUNDS

PAUL KLEE,

                    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Clarence Hinton, a state prisoner currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is serving a term of imprisonment of 25 to 75 years for assault with intent to commit murder. Petitioner's application raises twelve claims for relief. Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability, and denies him leave to proceed on appeal *in forma pauperis*.

## I. Background

Petitioner was convicted by a jury in Washtenaw County Circuit Court of assault with intent to commit murder, arising from the assault of a prison guard with a

screwdriver at the Huron Valley Men's Facility where Petitioner was an inmate.   On

October 11, 1985, he was sentenced to 25 to 75 years' in prison.

Petitioner filed an appeal of right, raising these claims:

I.      Conviction must be reversed because his trial commenced more than 180
        days from the date of his continuous incarceration.

II.     Judge Conlin abused his discretion by not suppressing both of defendant's
        prior criminal convictions.

III.    The trial court committed reversible error by not granting counsel's motion
        for a mistrial and sending appellant to the forensic center for both a
        competency and criminal responsibility evaluation and allowing appellant
        to continue to represent himself when he was clearly incompetent to do so.

IV.     Appellant's conviction must be reversed because the trial judge abused his
        discretion by not replacing co-counsel with another attorney, when
        specifically requested to do so on at least three separate occasions.

V.      Appellant's conviction must be reversed because the trial judge refused to
        allow at least one *res gestae* witness and several character witnesses to
        testify on defendant's behalf.

VI.     The prosecutor's egregious and unfounded remarks, especially in his
        closing statement and rebuttal, were so blatantly prejudicial that appellant
        was denied his constitutional right to a fair trial.

VII.    Appellant's conviction must be reversed because the trial judge abused his
        discretion in failing to instruct the jury on the lesser included offenses of
        assault with intent to do great bodily harm and felonious assault.

The Michigan Court of Appeals affirmed his conviction.  *People v. Hinton*, No.

90332 (Mich. Ct. App. Nov. 19, 1987).  The Michigan Supreme Court denied Petitioner's

application for leave to appeal.  *People v. Hinton*, No. 82232 (Mich. May 31, 1988).

On July 11, 2006, Petitioner filed a habeas corpus petition in this Court.  The Court

2

summarily dismissed the petition without prejudice because it consisted of over seventy largely illegible handwritten pages. *Hinton v. Bergh*, No. 06-cv-13199 (E.D. Mich. Aug. 2, 2006).

Petitioner filed the pending petition on December 27, 2012.

## II.  Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A) & (D).  The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period.  28 U.S.C. § 2244(d)(2); *Ege v.*

*Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation, does not re-fresh the limitation period. *Vroman*, 346 F.3d at 602.

Petitioner's conviction became file before the AEDPA's April 24, 1996 effective date. Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not seek state collateral review of his conviction. He did not file this petition until December 27, 2012, fifteen years after the limitations period expired. In addition, the first habeas petition did not toll the limitations period because it was filed July 11, 2006, nine years after the limitations period expired. The habeas petition is therefore untimely.

In his pending motion to appoint counsel, Petitioner claims he suffers from mental illness which necessitates the appointment of counsel and also interfered with his ability to file a timely habeas corpus petition. The AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances. *See Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is

"'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quitable tolling should be applied 'sparingly,' *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), and decided on a 'case-by-case basis,' *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005)." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

"[M]ental incompetence or incapacity may provide a basis for equitable tolling." *Ata,* 662 F.3d at 741. To warrant equitable tolling on the basis of mental incompetence, a petitioner must show that he is mentally incompetent and that the mental incompetence caused his failure to comply with the limitations period. *Id.* at 742. That is, a petitioner must show "a causal link between the mental conditional and the untimely filing." *Id.*

The documents attached to Petitioner's motion for appointment of counsel support Petitioner's claim that he currently suffers from mental illness and suffered from mental illness as early as March 2011. But, the documents do not support a finding that he suffered from mental illness between April 24, 1996, when the limitations period commenced, and April 24, 1997, when it expired. Nor do the documents contain evidence to support a causal relationship between Petitioner's mental illness and an inability to timely file a federal habeas petition. In fact, during the time period 1990 through 2011, Petitioner filed eighteen complaints in federal court alleging violations of

5

his constitutional rights.  It is unlikely that Petitioner suffered a mental illness that prevented him from timely filing a habeas petition, but permitted him to file more than a dozen civil rights complaints.

Moreover, to the extent that Petitioner claims that his ignorance of the limitations period warrants equitable tolling, this claim is meritless.  Ignorance of the law alone does not warrant equitable tolling.  *Griffin*, 399 F.3d at 637.

In sum, Petitioner fails to meet his burden of establishing that he is entitled to equitable tolling.

### III.  Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

6

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a circumstance, no appeal is warranted. *Id.*

The Court declines to issue Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner filed his habeas petition outside of the one-year limitations period. Nor should Petitioner be granted an application for leave to proceed on appeal in forma pauperis. See Fed. R. App. P. 24(a).

## IV.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. # 12] is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [dkt. # 10] and a certificate of appealability are **DENIED**.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 21, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer